**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

SHIVKARANJOT SINGH,      )
                                    )
          Petitioner,     )
                                    )
-vs-                    )     NO. CIV-26-1306-HE
                                    )
WARDEN OF DIAMONDBACK  )
CORRECTIONAL FACILITY, et al.,[1]  )
                                    )
          Respondents.   )
                                    )
                                    )

## <u>ORDER</u>

Petitioner Shivkaranjot Singh seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition, petitioner is a native and citizen of India who entered the United States on or about August 1, 2024 without inspection and thereafter applied for asylum. He obtained valid employment authorization. The petition asserts that on or about May 16, 2026, while working, petitioner unknowingly sold alcohol to a minor. Local authorities issued a citation and arrested him. Thereafter, they transferred him to ICE. The record indicates ICE arrested petitioner on May 25, 2026 pursuant to a Warrant for Arrest of Alien pursuant to section 236 of the Immigration and Nationality Act, codified

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David Venturella, the acting director of U.S. Immigration and Customs Enforcement, is substituted for Todd Lyons.*

at 8 U.S.C. § 1226.  The petition and record indicate that same day, petitioner was placed into removal proceedings through issuance of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  Petitioner is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

In the habeas petition, petitioner claims 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b) governs his detention and his detention pursuant to § 1225(b) violates the INA and the Fifth Amendment due process clause.  Petitioner requests his immediate release or such other relief as the court deems just and proper.  As ordered by the court, the federal respondents have responded to the petition.  They assert that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is proper.  In reply, petitioner asserts that he does not merely challenge the statutory source of detention authority but also challenges the manner in which respondents revoked his liberty.  He requests immediate release given respondents deprived him of liberty without due process, or alternatively, an order to provide him with constitutionally adequate custody procedures.

Upon review, the court concludes the habeas petition should be granted in part. Respondents state "the members of this Court have established their respective positions on [the detention] issue.  Judicial economy and Rule 1 are not furthered by continued re-litigation of the same points."  [Doc. #10, ECF p. 3].  Nonetheless, based upon Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v.

2

Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents ask the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss the habeas petition.

The court declines to reconsider its prior rulings in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026) that 8 U.S.C. § 1226(a) governs detention under similar circumstances as those presented here.[2]  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[3] and the Courts of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713, 719-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258, 1261-85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others.  Further, the court declines to reconsider its ruling in Li v. Grant, No. CIV-25-1426-HE, 2026 WL 147438, at

---

[2] *Notably, as stated, the record reflects petitioner was arrested and taken into custody for removal proceedings by a warrant issued pursuant to § 1226.*

[3] *See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

*1 (W.D. Jan. 20, 2026), that § 1225(b)(2)(A) does not apply even though petitioner filed an asylum application.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas petition in part[4] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 24th day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*